UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2022 MAY -5  PM 2: 29

CLERK

BY _____
DEPUTY CLERK

GREGORY IFESINACHI EZEANI,   )
                             )
        Plaintiff,           )
                             )
    v.                       )          Case No. 5:22-cv-76
                             )
LAURA B. ZUCHOWSKI,          )
Director of USCIS Vermont Service Center,   )
                             )
        Defendant.           )
                             )

**ORDER GRANTING APPLICATION FOR LEAVE TO
PROCEED *IN FORMA PAUPERIS*, DISMISSING COMPLAINT
AND DENYING MOTION AGAINST RACIAL DISCRIMINATION**
(Docs. 1, 1-1, 3)

On March 29, 2022, Plaintiff Gregory Ifesinachi Ezeani, a New Jersey resident

representing himself, filed an application to proceed *in forma pauperis* ("IFP") under 28 U.S.C.

§ 1915.  The proposed Complaint alleges claims under *Bivens v. Six Unknown Named Agents of*

*Federal Bureau of Narcotics*, 403 U.S. 388 (1971), for violations of his constitutional rights

against Defendant Laura B. Zuchowski, in her official capacity as the Director of USCIS

Vermont Service Center.  Because his financial affidavit meets the requirements of 28 U.S.C.

§ 1915(a), Plaintiff's request to proceed without prepaying the filing fee is GRANTED;

however, for the reasons discussed below, the Complaint is DISMISSED and Plaintiff's

additional motion (Doc. 3) is DENIED as moot.

I.    **Background and Allegations of Plaintiff's Complaint**

Based on the exhibits Plaintiff has filed in support of his motion against racial

discrimination (Doc. 3), the court understands that the principal facts underlying his brief,

handwritten Complaint, submitted on the form Complaint for Violation of Civil Rights, are as follows:

Plaintiff is a foreign national who applied for lawful permanent resident status through the I-360 program.  (He may have applied for residency through other programs as well.)  The I-360 petition process provides a route for legal residence for certain groups of workers as well as some individuals with ties through marriage or birth to U.S. citizens.  Plaintiff's application was denied and in November 2018 he filed an appeal.  (Doc. 3-1 (Ex. 1).)  During the period of his original application and appeal, he received three temporary employment authorizations allowing him to work within the United States.  (Doc. 3-7 (Ex. 7 (2016)); Doc. 3-8 (Ex. 8 (2018)); Doc. 3-9 (Ex. 9 (2020)).)  In a decision dated March 7, 2022, the U.S. Citizenship and Immigration Services ("USCIS") denied his request for further employment authorization on the ground that his application for residency through the I-360 process was denied on November 13, 2018.  This lawsuit against Defendant Zuchowski, the Director of the USCIS Vermont Service Center who signed the employment authorization denial letter, followed.  (*See* Doc. 3-10 (Ex. 10) (denial letter).)

Plaintiff's filings show that there is much more to his story, including an arrest and detention by immigration authorities in 2019 and appeals of the denial of his visa applications and removal order.

In his Complaint, Plaintiff makes four factual allegations: (1) it was a "due process violation not to use the standard for determination of eligibility for plaintiff category"; (2) "Use of final decision of 2018 which was appealed by the petitioner in 2018 to BIA Director final denial decision in 2018 lack jurisdiction to be used because BIA have jurisdiction of the case"; (3) "Petitioner is deprive[d] of equal protection right in her decision determination"; and

(4) "The action was carried alone by the director, and it is motivated by racial discrimination, hate and retaliation." (Doc. 1-2 at 4.) He further asserts he has sustained no injury as of the date of the Complaint. *Id.* at 5. As relief, he seeks an immediate reversal "so that the petitioner will not experience injury. However, the petitioner needs urgent action because petitioner secured a teaching job at the County College in New Jersey starting in summer, 2022. Petitioner's previous teaching job at Essex County College business school was stop[ped] by unlawful arrest of DHS/ICE in 2019." *Id.*

## II. Analysis

Under the IFP statute, the court is required to conduct an initial screening of the Complaint. *See* 28 U.S.C. § 1915(e)(2). The court must dismiss a complaint filed IFP if it determines that the action is "frivolous or malicious," fails to state a claim on which relief can be granted, or seeks monetary relief "against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2)(B). The court must read a self-represented plaintiff's complaint liberally and construe it to raise the strongest arguments it suggests. *Harris v. Miller*, 818 F.3d 49, 56 (2d Cir. 2016) (per curiam).

All complaints, however, must contain "sufficient factual matter[] . . . to state a claim" for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *see also* Fed. R. Civ. P. 8(a) (listing required contents of a pleading that states a claim for relief). In determining whether a complaint states a claim, the court must "accept as true all of the allegations contained in a complaint" and decide whether the complaint states a plausible claim for relief. *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Although a self-represented litigant's complaint must be liberally

3

construed, it nevertheless must state a plausible claim for relief. *See Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

Plaintiff seeks to assert claims against Defendant under *Bivens*, 403 U.S. 388, which allows for a claim analogous to 42 U.S.C. § 1983—which provides a basis for securing redress for constitutional violations occurring under color of state law—against federal officials for violations of certain constitutional rights. Plaintiff focuses on the Fifth, Eighth and Fourteenth Amendments to the United States Constitution. The Fifth Amendment provides, in pertinent part: "No person shall . . . be deprived of life, liberty, or property, without due process of law[.]" U.S. Const. amend V. The Eighth Amendment provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." *Id.* amend VIII. The Fourteenth Amendment, in pertinent part, extends the requirements of due process and equal protection to the states. *Id.* amend. XIV, § 1.

In *Bivens*, the Supreme Court allowed the plaintiff, who claimed that he had been subjected to an unlawful search and arrest, to proceed with a Fourth Amendment damages claim against federal law enforcement agents despite the fact that Congress had not provided for such a remedy. 403 U.S. at 395–97. Since that decision was rendered, the Supreme Court has recognized a *Bivens* action in only two additional contexts: (1) employment discrimination in violation of the Due Process Clause of the Fifth Amendment, *Davis v. Passman*, 442 U.S. 228, 248-49 (1979); and (2) failure to treat an inmate's medical condition in violation of the Eighth Amendment, *Carlson v. Green*, 446 U.S. 14, 19 (1980). The Supreme Court has observed that "expanding the *Bivens* remedy is now a disfavored judicial activity." *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857 (2017) (internal quotation marks omitted).

4

In this case, Plaintiff does not state a claim against Defendant under *Bivens*. First, because his allegations concerning the Due Process Clause of the Fifth Amendment do not involve employment discrimination in the traditional sense, the *Bivens* remedy does not apply. Second, because he is not an inmate and his allegations concerning the Eighth Amendment do not involve failure to treat a medical condition, the *Bivens* remedy does not apply. And third, because the *Bivens* remedy does not extend to claims alleging a violation of the Fourteenth Amendment, his allegations regarding that amendment fail to allege the essential elements of a claim. Further, the only remedy available in a *Bivens* action is an award for monetary damages from defendants in their individual capacities. *See Higazy v. Templeton*, 505 F.3d 161, 169 (2d Cir. 2007). Here, Plaintiff seeks to sue Defendant Zuchowski in her official capacity for relief in the form of a different ruling on his application for employment authorization and does not seek monetary damages.[1]

Accordingly, the Complaint must be dismissed under § 1915(e)(2)(B) because it fails to state a claim on which relief may be granted.

## III.    Leave to Amend

The Second Circuit has cautioned that a court "should not dismiss a pro se complaint 'without granting leave to amend at least once,' unless amendment would be futile." *Garcia v. Superintendent of Great Meadow Corr. Facility*, 841 F.3d 581, 583 (2d Cir. 2016) (per curiam) (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)). "Amendment is futile where the problems with the complaint's claims are substantive and not the result of inartful pleading."

---

[1] The Court further notes that Plaintiff seeks reversal of a USCIS agency decision that may not be reviewable. A district court's jurisdiction to review agency decisions in the immigration context is expressly limited by 8 U.S.C. § 1252(a)(2)(B). Specifically, subsection (B)(ii) provides that courts lack jurisdiction over certain decisions or actions that are "specified . . . to be in the discretion of the Attorney General or the Secretary of Homeland Security." 8 U.S.C. § 1252(a)(2)(B)(ii). Renewal of employment authorization is a matter lying within the discretion of USCIS. *See* 8 C.F.R. § 204.5(p)(3).

*Biswas v. Rouen*, 808 F. App'x 53, 55 (2d Cir. 2020) (internal quotation marks and alterations omitted). Because leave to amend should generally be freely granted, *see* Fed. R. Civ. P. 15(a)(2), the Court will allow Plaintiff to file an Amended Complaint.

Plaintiff is advised that an amended complaint, if filed, will supersede and completely replace the original Complaint. *See Hancock v. Cty. of Rensselaer*, 882 F.3d 58, 63 (2d Cir. 2018) (internal quotation marks omitted). Accordingly, an amended complaint, if filed, must be titled "Amended Complaint" and include all of Plaintiff's factual allegations in their entirety and must set forth all the claims he has against all defendants and all the relief he seeks; reference back to the original Complaints is insufficient. *See* Fed. R. Civ. P. 8(a); D. Vt. L.R. 15(b). Equally important, an amended complaint must comport with the Federal Rules of Civil Procedure, including setting forth short and plain statements of each claim as required by Rule 8, doing so in numbered paragraphs as required by Rule 10, in a document signed by Plaintiff as required by Rule 11.

For further reference, Plaintiff may consult the Court's Representing Yourself as a *Pro Se* Litigant Guide, available at http://www.vtd.uscourts.gov/sites/vtd/files/ProSeGuide113015.pdf.

### Conclusion

For the reasons explained above, Plaintiff's IFP Application (Doc. 1) is GRANTED; however, the proposed Complaint (Doc. 1-1) is DISMISSED under 28 U.S.C. § 1915(e)(2)(B). The Motion Against Racial Discrimination (Doc. 3) is DENIED AS MOOT. Plaintiff may file an Amended Complaint by June 3, 2022, and is warned that a failure to timely file shall result in closure of the case.

The court hereby certifies that under 28 U.S.C. § 1915(a)(3) any appeal of the dismissal of the proposed Complaint would not be taken in good faith.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 5th day of May 2022.

Geoffrey W. Crawford, Chief Judge
United States District Court